fied to run the sentences for the assault convictions concurrently with the sentences for the murder and manslaughter convictions, since the latter crimes were the underlying felonies for the assault convictions. We see no reason to modify the sentences further. Concur—Sullivan, J. P., Nardelli, Wallach, Saxe and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TIRADO, Appellant. [700 NYS2d 135] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered March 8, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to three concurrent terms of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence. The People established a chain of custody sufficient to provide reasonable assurance that the glassine envelope introduced into evidence was the one that was sold to the undercover officer, and the alleged defects in the chain of custody went to the weight of this evidence and not its admissibility (see, People v Julian, 41 NY2d 340). The evidence permitted a reasonable inference that defendant and his codefendant jointly possessed all of the drugs recovered from the codefendant.

The court properly exercised its discretion when it declined to discharge a sworn juror who felt offended by certain remarks made by defense counsel during cross-examination, since the juror repeatedly indicated that her ability to remain impartial would not be affected (see, CPL 270.35 [1]).

Defendant's claim that he was improperly excluded from material stages of the trial is not supported by the record. As to each incident in question, the record fails to establish defendant's absence or fails to establish that the proceeding was of a nature requiring defendant's presence (see, People v Velasco, 77 NY2d 469).

Since defendant received the minimum sentence permitted by law, discretionary review of his sentence is unavailable. Defendant's constitutional challenge to his sentence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Nardelli, Wallach, Saxe and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SEVILLA, Appellant. [699 NYS2d 687] —Judgment,